THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

* * * * *

| UNITED STATES OF AMERICA | * | Plano, Texas |
| | * | April 25, 2023 |
| VS. | * | 10:25 a.m. - 10:37 a.m. |
| | * | |
| **FERMIN HERNANDEZ-MORA** | * | **NO. 4:22-CR-241** |
| JOSHUA ALEXANDER JOHNSON | * | NO. 4:23-CR-052 |
| BALDOMERO GARCIA | * | NO. 4:23-CR-030 |

* * * * *

**INITIAL APPEARANCE/ARRAIGNMENT HEARING**

BEFORE THE HONORABLE KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

* * * * *

Proceedings recorded by electronic sound recording
Transcript produced by transcription service

*GLR TRANSCRIBERS*
GLRtransribers@aol.com
409-330-1610

**APPEARANCES:**

For the United States:

    MR. ANDREW STOVER
    **U.S. Attorney's Office**
    Eastern District of Texas
    Plano, TX

For Defendant Hernandez-Mora:

    MR. ROGER E. HAYNES
    *(Standing in for Mr. Mongaras)*

Court Interpreter:

    LUIS GARCIA

**P R O C E E D I N G S**

**10:25 A.M. - APRIL 25, 2023**

THE COURT:  I'll call the first three cases together.  Please stand in the order that I call your case.

4:22-CR-241, United States vs. Fermin Hernandez-Mora.  4:23-CR-52, United States vs. Joshua Alexander Johnson.  4:23-CR-30, United States vs. Baldomero Garcia.

COURTROOM DEPUTY:  Raise your right hands.  Do you solemnly swear that the testimony you are about to give in the case before the Court shall be the truth, the whole truth, and nothing but the truth, so help you God?

DEFENDANT HERNANDEZ-MORA:  Yes.

DEFENDANT JOHNSON:  Yes.

DEFENDANT GARCIA:  Yes.

THE COURT:  All right.  We're here today, Mr. Hernandez-Mora and Mr. Johnson, for your initial appearance, and Mr. Garcia, for your arraignment. I'll ask you a series of questions.  If you will please answer my questions one at a time and in the order that I call your case.

Each of you have been charged with violations of federal criminal law in an underlying

Indictment.  Have you received a copy of your Indictment?

DEFENDANT HERNANDEZ-MORA:  Yes.

DEFENDANT JOHNSON:  Yes.

DEFENDANT GARCIA:  Yes.

THE COURT:  You do have the right to have that Indictment read aloud at this time or you may waive that right.  What would you like to do?

DEFENDANT HERNANDEZ-MORA:  I'll waive.

DEFENDANT JOHNSON:  I'll waive mine.

DEFENDANT GARCIA:  Waive it.

THE COURT:  At this time I'll ask the Assistant United States Attorney to advise you of the charges that have been alleged against you and the associated penalties.

MR. STOVER:  Mr. Hernandez-Mora, you are charged with a violation of 8 United States Code, Section 32, 1326(a), Re-entry of a Deported Alien. The punishment for that is not more than two years imprisonment, a fine not to exceed $250,000, or both, supervised release of not more than one year.  If removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against a person, or both, a felony other than an aggravated felony, not more than 10 years imprisonment,

a fine not to exceed $250,000, or both, supervised release of not more than three years.

If removal was subsequent to a conviction for commission of an aggravated felony, not more than 20 years imprisonment, a fine not to exceed $250,000, or both, supervised release of not more than three years, and a special assessment of $100.

Mr. Alexander Johnson, you are charged with a violation of 21 United States Code, Section 846, conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine. You are also charged in Count Three of the Indictment with a violation of 18 United States Code, Section 924(c)(1), possession of a firearm in furtherance of a drug trafficking offense.

There's also a notice of intent to seek criminal forfeiture for the pistol and any -- both pistols related in the case that were seized.

The penalty for the 846 is, if there's 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, or 50 grams or more of methamphetamine actual, or five kilograms or more of a mixture of cocaine, its salts, optical or geometric isomers, or salts of its isomers, not less than 10 years and not more than life imprisonment,

with a fine not to exceed $10 million, or both, supervised release of at least five years.

If less than 500 grams, or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, less than 50 grams of methamphetamine actual, or less than five kilograms or 500 grams or more of cocaine, its salts, optical or geometric isomers, or salts of its isomers, not less than five years and not more than 40 years imprisonment, a fine not to exceed $5 million, or both, supervised release of at least four years.

For the 924(c), punishment range is imprisonment of a term of not less than five years, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, supervised release of not more than three years, and a special assessment of $100.

Mr. Garcia, you are charged in Count One of an Indictment for a violation of 18 United States Code, Section 371 and 922(a)(6), conspiracy to acquire a firearm from a licensed dealer by false and fictitious statement.

You are also charged in Count Two with a violation of 18 United States Code, Section 922(a)(6), acquiring a firearm from a licensed dealer by false or

fictitious statement.  There's also a notice of intent to seek criminal forfeiture related to the firearm.

Punishment for Count One is imprisonment of not more than five years, a fine not to exceed $250,000, or both, a term of supervised release of not more than three years, and a special assessment of $100.

For Count Two, the 922(a)(6), imprisonment of not more than two years, a fine not to exceed $250,000, or both, a term of supervised release of not more than three years, and a special assessment of $100.

THE COURT:  Thank you.

Do each of you understand the nature of the charges that are alleged against you?

DEFENDANT HERNANDEZ-MORA:  Yes.

DEFENDANT JOHNSON:  Yes.

DEFENDANT GARCIA:  Yes.

THE COURT:  You have the right to be represented by an attorney throughout these proceedings.  You have the right to hire an attorney or you can ask the Court to appoint an attorney for you.

Mr. Garcia, you were previously appointed counsel at your Initial Appearance.

Mr. Hernandez-Mora and Johnson, I've received Financial Affidavits from you.  Can you

confirm for the record you've signed your Affidavit?

DEFENDANT HERNANDEZ-MORA: Yes.

DEFENDANT JOHNSON: Yes.

THE COURT: Did you provide the information that's contained in that Affidavit?

DEFENDANT HERNANDEZ-MORA: Yes.

DEFENDANT JOHNSON: Yes.

THE COURT: You understand that you signed that Affidavit under oath. If there's false information that's contained in it, you could be prosecuted for perjury or false statement?

DEFENDANT HERNANDEZ-MORA: Yes.

DEFENDANT JOHNSON: Yes.

THE COURT: Based on the information each of you have provided, I do find that you qualify for the appointment of counsel and you have counsel here with you here this morning.

Counsel, are your clients prepared to go forward with the Arraignment at this time?

ALL DEFENSE COUNSEL: Yes, Your Honor.

THE COURT: Please state your full name and age for the record.

DEFENDANT HERNANDEZ-MORA: Fermin Hernandez, 33.

DEFENDANT JOHNSON: Joshua Johnson, 33.

DEFENDANT GARCIA:  Baldomero Garcia, 30.

THE COURT:  What did you say?  30?

DEFENDANT GARCIA:  30.

THE COURT:  What is the last grade of school that you've completed?

DEFENDANT HERNANDEZ-MORA:  Ninth grade.

DEFENDANT JOHNSON:  I got a GED.

DEFENDANT GARCIA:  I graduated.

THE COURT:  High school?

DEFENDANT GARCIA:  Yes.

THE COURT:  Have you ever been diagnosed with any mental illness or problem?

DEFENDANT HERNANDEZ-MORA:  No.

DEFENDANT JOHNSON:  No.

DEFENDANT GARCIA:  No.

THE COURT:  Are you currently under the influence of any drug or alcohol?

DEFENDANT HERNANDEZ-MORA:  No.

DEFENDANT JOHNSON:  No.

DEFENDANT GARCIA:  No.

THE COURT:  Counsel, do you believe your client is competent to proceed here today?

MR. HAYNES:  Yes, Your Honor.

OTHER DEFENSE COUNSEL:  Yes, Your Honor.

THE COURT:  At this time I'll ask each of you

how you plead to the charges alleged against you.

Mr. Hernandez-Mora, as to Count One of the Indictment, charging a violation of 8 United States Code 1326(a) and (b), Re-entry of Deported Alien, how do you plead, guilty or not guilty?

DEFENDANT HERNANDEZ-MORA: Not guilty.

THE COURT: Mr. Johnson, as to Count One of the Indictment, charging a violation of 21 United States Code 846, Conspiracy to Distribute and Possess with intent to Distribute Methamphetamine and Cocaine; and Count Three, charging a violation of 18 United States Code 924(c)(1), Possession of Firearm in Furtherance of a Drug Trafficking Crime, guilty or not guilty?

DEFENDANT JOHNSON: Not guilty.

THE COURT: Mr. Garcia, as to Count One of your Indictment, charging a violation of 18 United States Code 371 and 922(a)(6), Conspiracy to Acquire a Firearm from a Licensed Dealer by False or Fictitious Statement; and Count Two, charging a violation of 18 United States Code 922(a)(6), Acquire a Firearm from a Licensed Dealer by False or Fictitious Statement. Guilty or not guilty?

DEFENDANT GARCIA: Not guilty.

THE COURT: All right. Subject to your pleas

of not guilty to the charges alleged against you, each of you have a Pretrial Conference that's been set.

Messrs. Hernandez-Mora and Johnson, your Pretrial Conferences are set before Judge Mazzant on Friday, July 7th, at 10:00 a.m. at the United States Courthouse in Sherman, Texas.

Mr. Garcia, yours is set before Judge Jordan on July 3rd at 9:00 a.m.. That's in the courthouse where you are here today.

At your Pretrial Conference you'll be given a date for jury selection and trial. I'll enter an order that governs dates up to that Pretrial Conference.

I'll also advise you that the Government is required to produce all exculpatory evidence to you. Not doing so in a timely manner may result in sanctions against the Government.

Is the Government moving to detain in Messrs. Hernandez-Mora and Johnson's cases?

MR. STOVER: Yes. Mr. Hernandez-Mora, the Government is moving to detain. And Mr. Alexander Johnson, the Government is moving to detain.

THE COURT: Mr. Garcia, you were previously released on conditions, so those conditions will remain in place, and I'm going add one additional condition.

That condition is that you must submit to drug testing, you know, per Pretrial's direction.  Okay?

Anything further as to Mr. Garcia?

MR. STOVER:  Nothing further, Your Honor.

DEFENSE COUNSEL:  No, Your Honor.

THE COURT:  All right, we'll stand adjourned as to Mr. Garcia.

Messrs. Hernandez-Mora and Johnson, the Government's moving to detain you.  That means they're asking that you be incarcerated pending your trial. You do have a right to a hearing on that issue or you may waive that hearing.  I have received waivers of the Detention Hearing from both of you.  Can you confirm for the record you signed that document?

DEFENDANT HERNANDEZ-MORA:  Yes.

DEFENDANT JOHNSON:  Yes.

THE COURT:  Did you review the document with your attorney before you signed it?

DEFENDANT HERNANDEZ-MORA:  Yes.

DEFENDANT JOHNSON:  Yes.

THE COURT:  And do you understand that if you waive your right to a Detention Hearing, you will be detained pending your trial?

DEFENDANT HERNANDEZ-MORA:  Yes.

DEFENDANT JOHNSON:  Yes.

THE COURT: I find the waivers have been voluntarily given. Based on your waiver of Detention Hearing, you will be detained pending your trial.

Anything further from counsel?

MR. STOVER: No, Your Honor.

MR. HAYNES: No, Your Honor.

DEFENSE COUNSEL: No, Your Honor.

THE COURT: We'll stand adjourned.

*[10:37 a.m. - Proceedings adjourned]*

C E R T I F I C A T I O N

I certify that the foregoing is a correct transcript of the electronic sound recording of the proceedings in the above-entitled matter.

/s/ Gwen Reed

9-16-25